IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EMBLA, LLC,

      Plaintiff,                    No. 2:13-cv-0020 LKK GGH PS

    vs.

MOHAMMAD A. ROUF, et al.,       ORDER AND
                                           FINDINGS AND RECOMMENDATIONS
      Defendants.

_____/

        This action was referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(21). It was removed from state court on January 4, 2013 by defendant Rouf.[1] On January 8, 2013, plaintiff filed an application to shorten time in which to hear its motion to remand. A district court has "a duty to establish subject matter jurisdiction over [a] removed action *sua sponte*, whether the parties raised the issue or not." United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 966 (9th Cir. 2004); see also Kelton Arms Condominium Assoc., Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003). Because subject matter jurisdiction

---

[1] For proper removal in a case involving multiple defendants, all defendants must consent to the removal. 28 U.S.C. § 1446(b)(2)(A); Proctor v. Vishay Intertechnology Inc., 584 F.3d 1208, 1224-25 (9th Cir. 2009). Although individual consent documents from each defendant is not required, the removing defendant must at least aver that all defendants consent to removal. Id. at 1225. Here, defendant Rouf has not made such an averment.

1

1  may not be waived by the parties, a district court must remand a case if it lacks jurisdiction over
2  the matter. <u>Kelton Arms Condominium Owners Ass'n, Inc. v. Homestead Ins. Co.</u>, 346 F.3d
3  1190, 1192 (9th Cir. 2003) (citing <u>Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.</u>, 159
4  F.3d 1209, 1211 (9th Cir. 1998)); <u>see</u> also 28 U.S.C. § 1447(c) ("If at any time before final
5  judgment it appears that the district court lacks subject matter jurisdiction, the case shall be
6  remanded"). Having reviewed the notice of removal, the court finds that the action should be
7  remanded to state court due to lack of subject matter jurisdiction.

8  Removal jurisdiction statutes are strictly construed against removal. See <u>Libhart
9  v. Santa Monica Dairy Co.</u>, 592 F.2d 1062, 1064 (9th Cir. 1979). "Federal jurisdiction must be
10 rejected if there is any doubt as to the right of removal in the first instance." <u>Gaus v. Miles</u>, 980
11 F.2d 564, 566 (9th Cir. 1992). "The burden of establishing federal jurisdiction falls on the party
12 invoking removal." <u>Harris v. Provident Life and Accident Ins. Co.</u>, 26 F.3d 930 (9th Cir. 1994),
13 *overruled on other grounds by* <u>Leeson v. Transamerica Disability Income Plan</u>, 671 F.3d 969,
14 979 (9th Cir. 2012).

15 A plaintiff may bring suit in federal court if his claim "arises under" federal law.
16 28 U.S.C. § 1331. In that situation, the court has original jurisdiction. A state court defendant
17 cannot invoke the federal court's original jurisdiction. But he may in some instances invoke the
18 court's removal jurisdiction. The requirements to invoke removal jurisdiction are often identical
19 to those for invoking its original jurisdiction. The requirements for both relate to the same end,
20 that is, federal jurisdiction.

21 Removal of a state court action is proper only if it originally could have been filed
22 in federal court. 28 U.S.C. § 1441. "[F]ederal courts have jurisdiction to hear, originally or by
23 removal, only those cases in which a well-pleaded complaint establishes either that federal law
24 creates the cause of action, or that the plaintiff's right to relief necessarily depends on resolution
25 of a substantial question of federal law." <u>Franchise Tax Board v. Construction Laborers
26 Vacation Trust</u>, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 2855-56 (1983). Mere reference to federal

1  law is insufficient to permit removal.  See Smith v. Industrial Valley Title Ins. Co., 957 F.2d 90,
2  93 (3d Cir. 1992).  Also, defenses and counterclaims cannot provide a sufficient basis to remove
3  an action to federal court.  See Berg v. Leason, 32 F.3d 422, 426 (9th Cir. 1994); FIA Card Servs.
4  v. McComas, 2010 WL 4974113 (S.D. Cal. Dec. 2, 2010) (remanding action removed by
5  defendant on the basis that defendant's counterclaim raised a federal question).
6        Here, the exhibits attached to the removal petition establish that the state court
7  action is nothing more than a simple unlawful detainer action, and is titled as such.  (See Dkt.
8  No. 1, at pp. 5-8.)  This court has no jurisdiction over unlawful detainer actions which are strictly
9  within the province of the state court.  Defendant's removal petition asserts federal question
10 jurisdiction "because Defendants' demurrer, a pleading depend on the determination of
11 Defendants' rights and Plaintiff's duties under federal law." [Sic.]  (Id. at 2.)  However, as
12 discussed above, such a conclusory reference does not provide any basis to remove the action to
13 federal court.  Based on the aforementioned analysis, the court finds that remand is appropriate,
14 because there is no subject matter jurisdiction.
15       Accordingly, IT IS ORDERED that: Plaintiff's application for order shortening
16 time for hearing on plaintiff's motion to remand, filed January 8, 2013, (dkt. no. 4), is denied as
17 moot.
18       For the foregoing reasons, IT IS HEREBY RECOMMENDED that:
19       1.  The action be remanded to Sacramento County Superior Court;
20       2.  The Clerk be directed to serve a certified copy of this order on the Clerk of the
21 Sacramento County Superior Court, and reference the state case number (12UD09538) in the
22 proof of service; and
23       3.  The Clerk be directed to close this case.
24       These findings and recommendations are submitted to the United States District
25 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within
26 fourteen (14) days after being served with these findings and recommendations, any party may

file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven (7) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 9, 2013

                         <u>/s/ Gregory G. Hollows</u>
                   UNITED STATES MAGISTRATE JUDGE

GGH/076
Embla0020.rem.wpd